IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    3:18-cr-00562-BR

        Plaintiff,                        OPINION AND ORDER

v.

BILLY DEAN HAYS,

        Defendant.


**BILLY J. WILLIAMS**
United States Attorney
**AMY E. POTTER**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Plaintiff

**LISA C. HAY**
Federal Public Defender
**ANTHONY D. BORNSTEIN**
Assistant Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

       Attorneys for Defendant

**BROWN, Senior Judge.**

This matter comes before the Court on Defendant Billy Dean Hays's Renewed Motion (#34) to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Court concludes the record is sufficiently developed, and, therefore, oral argument would not be helpful to resolve this Motion.  For the reasons that follow, the Court **DENIES** Defendant's Renewed Motion.


<u>**BACKGROUND**</u>

On March 9, 2017, Defendant was charged in *United States v. Hays*, 3:17-cr-00084-BR, with nine counts of Bank Robbery in violation of 18 U.S.C. § 2113(a).  Specifically, the Indictment alleged Defendant robbed nine banks throughout Oregon between December 21, 2016, and February 3, 2017.  On June 14, 2018, Defendant pled guilty to all nine counts of the Indictment pursuant to a Plea Agreement.  On January 17, 2019, the Court sentenced Defendant to a prison term of 96 months and three years of supervised release.

On November 20, 2018, Defendant was charged in an Information in this case (3:18-cr-00562-BR) with one count of Bank Robbery in violation of 18 U.S.C. § 2113(a).  On December 6, 2018, Defendant pled guilty to the one count of the Information pursuant to a Plea Agreement.  On January 17, 2019, the Court sentenced Defendant to a prison term of 96 months and to three

2 - OPINION AND ORDER

years of supervised release to be served concurrently with his sentence in 3:17-cr-00084-BR.

On July 28, 2020, Defendant filed a Motion (#21) to Reduce Sentence Pursuant to 18 U.S.C. § 3583(c)(1)(A)(i) in 3:18-cr-00562-BR.

On September 18, 2020, the Court denied Defendant's Motion on the ground that Defendant did not establish he would not be a continuing danger to the community.

On April 26, 2021, Defendant filed a Renewed Motion to Reduce Sentence.  The Court took Defendant's Renewed Motion under advisement on July 8, 2021.

## **DISCUSSION**

Defendant is currently housed at Springfield MCFP and has a projected release date of March 31, 2023.  In his July 28, 2020, Motion to Reduce Sentence Defendant moved for an order reducing his sentence to time served and amending the conditions of his supervised release to include a period of community confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the ground that Defendant has serious medical conditions that "are highly correlated with hospitalizations for the coronavirus disease, COVID-19, which has spread rapidly through Bureau of Prisons facilities."

In its September 18, 2020, Opinion and Order the Court

3 - OPINION AND ORDER

denied Defendant's Motion to Reduce Sentence on the ground that although Defendant has a serious medical condition within the meaning of U.S.S.G. § 1B1.13, he did not establish he would not be a continuing danger to the community if he was released to community confinement.

In his Renewed Motion to Reduce Sentence Defendant notes "[s]ince the time of the Court's [September 18, 2020, Opinion and Order] . . . [Defendant's] health concerns have only been amplified." Def.'s Renewed Mot. at 2. Specifically, in addition to suffering from obesity, cirrhosis, diabetes, hyperlipidemia, hepatitis C, asthma, cyclical neutropenia, and mesenteric venous thrombosis, Defendant now also suffers from chronic obstructive pulmonary disease (COPD), gastroesophageal reflux disease, psoriasis, adhesive capsulitis, and an unspecified white blood-cell disorder. Defendant also asserts his "multiple, severe ailments make him highly unlikely to re-offend, as his physical condition is in a extremely fragile state." Def.'s Renewed Mot. at 4.

The government does not dispute Defendant has several medical conditions. The government, however, notes Defendant has had and recovered from COVID-19 and also has been fully vaccinated against COVID-19. Specifically, the record reflects Defendant tested positive for COVID-19 in December 2020 and "[r]ecovered well" by December 9, 2020. Gov't Resp., Ex. 1 at

31.  In addition, Plaintiff received his first shot of the
Moderna COVID-19 vaccine on February 24, 2021, and his second
shot on March 24, 2021.  The government, therefore, asserts
Defendant's health conditions do not satisfy the extraordinary
and compelling standard for compassionate release.

## I.   FSA Compassionate-Release Standards

"'[A] judgment of conviction that includes [a sentence of
imprisonment] constitutes a final judgment' and may not be
modified by a district court except in limited circumstances."
*Dillon v. United States*, 560 U.S. 817, 824-25 (2010)(quoting
18 U.S.C. § 3582(b)).  Compassionate release is an exception in
extraordinary cases.

"For over thirty years, under the original statute, only the
BOP Director could file a § 3582(c)(1)(A) motion for a sentence
reduction on a defendant's behalf.  However, as part of the First
Step Act of 2018, [FSA] Congress amended § 3582(c)(1)(A) to allow
a defendant to seek a reduction directly from the court."  *United
States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).
Specifically, the FSA amended 18 U.S.C. § 3582(c)(1)(A) to
provide:

> [T]he court . . . *upon motion of the defendant*
> after the defendant has fully exhausted all
> administrative [remedies] or the lapse of 30 days
> from the receipt of such a request by the warden
> of the defendant's facility, whichever is earlier
> may reduce the term of imprisonment . . . after
> considering the factors set forth in section
> 3553(a) to the extent that they are applicable, if

5 - OPINION AND ORDER

it finds that-

    (i) extraordinary and compelling reasons warrant such a reduction

           * * *

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

FSA, 132 Stat. 5194, Pub. L. No. 115-391 (2018)(emphasis added).

Congress, however, did not provide any "statutory definition of 'extraordinary and compelling reasons.' Instead, Congress stated . . . the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction.'" *Aruda*, 993 F.3d at 800.

Application Note 1 to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13 sets out the Sentencing Commission's policy statement regarding "[r]eduction[s] in [t]erm[s] of [i]mprisonment Under 18 U.S.C. § 3582(c)(1)(A)" as follows:

    1. Extraordinary and Compelling Reasons.- . . . extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.--

           * * *

    (ii) The defendant is--

        (I) suffering from a serious physical or medical condition,

* * *

>           that substantially diminishes the ability of
>           the defendant to provide self-care within the
>           environment of a correctional facility and
>           from which he . . . is not expected to
>           recover.

That policy statement also requires the court to consider whether

the defendant is "a danger to the safety of any other person or

to the community, as provided in 18 U.S.C. § 3142(g)" when a

defendant satisfies the requirements of § 1B1.13(1).  U.S.S.G.

§ 1B1.13(2).  The Sentencing Commission, however, "has not

updated § 1B1.13 since the [FSA] amended § 3582(c)(1)(A).  The

current version of § 1B1.13 refers only to motions filed by the

BOP Director, and does not reference motions filed by a defendant

as now allowed under § 3582(c)(1)(A)."  *Aruda*, 993 F.3d at 800.

      After the FSA amended § 3582(c)(1)(A) district courts across

the country were split on whether § 1B1.13(1) was an "applicable

policy statement[] issued by the Sentencing Commission" as to

motions for compassionate release filed by defendants rather than

by the BOP.  The Ninth Circuit addressed this split in *Aruda*

noting:

>           (1) the text of § 3582(c)(1)(A) . . . only
>           requires courts to consider "applicable" policy
>           statements by the Sentencing Commission; (2) the
>           text of U.S.S.G. § 1B1.13, . . . begins "[u]pon
>           motion of the Director of the Bureau of Prisons";
>           (3) the text of Application Note 4 to § 1B1.13,
>           . . . states . . . "[a] reduction under this
>           policy statement may be granted only upon motion
>           by the Director of the Bureau of Prisons pursuant
>           to 18 U.S.C. § 3582(c)(1)(A)"; (4) the text of

> Application Note 1(D) to § 1B1.13 . . . is a
> catch-all provision allowing only the "Director of
> the Bureau of Prisons" to determine "other"
> extraordinary and compelling reasons; and (5) the
> legislative history of the First Step Act's
> compassionate-release amendment . . . sought to
> expand and expedite compassionate-release motions
> because they had seldom been brought by the BOP.

*Aruda*, 993 F.3d at 801 (citations omitted).  Ultimately the Ninth

Circuit concluded "the Sentencing Commission has not yet issued a

policy statement applicable to § 3582(c)(1)(A) motions filed by a

defendant," and, therefore, "the current version of U.S.S.G.

§ 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C.

§ 3582(c)(1)(A) motions filed by a defendant."  *Id*.  The Ninth

Circuit, however, also concluded the "Sentencing Commission's

statements in U.S.S.G. § 1B1.13 may inform a district court's

discretion for § 3582(c)(1)(A) motions filed by a defendant, but

they are not binding."  *Id*. (citing *United States v. Gunn*, 980

F.3d 1178, 1180 (7th Cir. 2020)).  Pursuant to *Aruda* this Court

concludes the policy statement in U.S.S.G. § 1B1.13 is merely

advisory rather than mandatory in the context of motions for

compassionate release" brought pursuant to § 3582(c)(1)(A) by

defendants rather than by the BOP.  This Court, therefore, will

only consider the criteria set out in § 1B1.13 as advisory when

evaluating Defendant's Motion for Compassionate Release.

## II.  **Defendant's Medical Condition**

As noted, Defendant asserts he has serious medical

conditions within the meaning of U.S.S.G. § 1B1.13.

The Application Note to U.S.S.G. § 1B1.13 provides an extraordinary or compelling reason for compassionate release exists when a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

### A.    Defendant has contracted and recovered from COVID-19.

As noted, Defendant has contracted and recovered from COVID-19 in December 2020.  In *United States v. Gipson*, 829 F. App'x 780, 781 (9th Cir. 2020), the Ninth Circuit concluded the district court did not err when it denied the defendant's motion for compassionate release even though the defendant had preexisting conditions because the defendant had contracted and recovered from COVID-19.  This Court has also denied a defendant's motion for compassionate release when the defendant had preexisting conditions but had contracted and recovered from COVID-19.  *See United States v. Williams*, No. 3:09-cv-00243-BR, Opin. and Order (#41) at 13.  In addition, other district courts in the Ninth Circuit have found uncertainty surrounding the danger of reinfection "cuts against compassionate release" in part because it is the defendant's burden to establish that extraordinary and compelling reasons exist to justify compassionate release.  *See, e.g., United States v. Molley*,

No. CR15-0254-JCC, 2020 WL 3498482, at *3 (W.D. Wash. June 29,
2020); *United States v. Ieremia,* No. 16-CR-00744-DKW-1, 2021 WL
67313, at *3-*4 (D. Haw. Jan. 7, 2021)("[The defendant] has
already contracted and recovered from COVID-19.  Although the
Court recognizes that some reinfections are expected, the Centers
for Disease Control and Prevention (CDC) explains that
reinfections remain rare.  In short, the Court agrees with the
government:  While no one is claiming that it is impossible to
contract COVID-19 a second time — there are a few known examples
around the globe — the evidence currently available indicates
that it is at least unlikely.  A rare chance of contracting a
virus once recovered from . . . does not meet the bar for an
extraordinary and compelling reason warranting release.")
(quotations omitted)); *United States v. Rios-Ayon*, No. 1:16-
CR-00096-NONE, 2020 WL 7646408, at *6 (E.D. Cal. Dec. 23, 2020)
("More fundamentally, aside from citing the risk of reinfection
from COVID-19 (which is speculative), nothing in the record
before this court supports a contention that defendant is
actually hindered in providing 'self-care' at FCI Victorville.").

    The Court notes the CDC has found "[c]ases of reinfection
with COVID-19 have been reported, but remain rare."  Https://
www.cdc.gov/coronavirus/019-cov/your-health/reinfection.html.
The Court, therefore, concludes a "rare chance of contracting a
virus once recovered from . . . does not meet the bar for an

extraordinary and compelling reason warranting release." 2021 WL 67313, at *3-*4.

**B.    Defendant is fully vaccinated against COVID-19.**

As noted, Defendant received both doses of the Moderna vaccine against COVID-19.

Although the Ninth Circuit has not addressed whether an individual who has health conditions like those suffered by Defendant and who is fully vaccinated against COVID-19 can satisfy the extraordinary and compelling standard, this Court has previously concluded such an inmate cannot satisfy that standard. *See United States v. Wills*, No. 3:15-CR-00465-BR, 2021 WL 2179256, at *4 (D. Or. May 27, 2021)("[T]he Court concludes Defendant has not satisfied the extraordinary and compelling standard because he is fully vaccinated against COVID-19."). Other district courts in the Ninth Circuit and other judges in this District have also concluded inmates who have been fully vaccinated and who suffer from conditions similar to those of Defendant have not satisfied the extraordinary and compelling standard. *See, e.g., United States v. Prince*, No. 3:18-CR-00616-MO-1, 2021 WL 2903222, at *1 (D. Or. July 8, 2021)(denying the defendant's motion for compassionate release on the ground that although the defendant suffers from serious medical conditions, he is fully vaccinated against COVID-19); *United States v. Cardoza*, No. 3:17-CR-00438-JO, 2021 WL 932017, at *1

(D. Or. Mar. 11, 2021)(concluding the defendant, who was obese
and suffered from asthma, "has not proven 'extraordinary and
compelling reasons' justifying his release pursuant to 18 U.S.C.
§ 3582(c)(1)(A)" based on his "vaccination and the low rate of
infection at FCI Terminal Island"); *United States v. Pena*,
No. CR1900296001PHXDJH, 2021 WL 1688240, at *1 (D. Ariz. Apr. 28,
2021)("[T]he Government notes that [Defendant] received both
doses of the COVID-19 vaccine.  The Government contends this is
an additional basis to deny her current Motion [for Compassionate
Release].  The Court agrees."); *United States v. Sakuma*, No. CR
12-00055 JMS, 2021 WL 1536571, at *3 (D. Haw. Apr. 19, 2021)
("[T]aking into account Defendant's age [58], risk factors
[diabetes, high blood pressure, and high cholesterol], and that
he has been vaccinated, the court concludes that [Defendant] has
failed to demonstrate that extraordinary and compelling reasons
warrant compassionate release."); *United States v. Martinez*,
No. 19-CR-5218-MMA, 2021 WL 927360, at *3 (S.D. Cal. Mar. 10,
2021)(Even though the defendant suffered from obesity and high
blood pressure, the court denied the defendant's motion for
compassionate release because the defendant had been fully
vaccinated against COVID-19.); *United States v. Grummer*, No. 08-
CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021)
("Although Defendant suffers from several chronic medical
conditions, his vaccination significantly mitigates the risk that

he will contract COVID-19."); *United States v. Ballenger*,
No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29,
2021)(denying the defendant's motion for compassionate release
because "[a]lthough it is currently unknown how long immunity
produced by vaccination lasts, based on evidence from clinic
trials, the Pfizer-BioNTECH vaccine [that defendant] received was
95% effective at preventing COVID-19 illness.  The defendant has
the burden to establish his entitlement to compassionate release.
He has not met that burden.").

In addition, district courts in other circuits have
concluded inmates who are fully vaccinated against COVID do not
satisfy the extraordinary or compelling standard even though they
have medical conditions similar to Defendant.  *See, e.g., United
States v. Stiver*, No. CR 17-64, 2021 WL 1110593, at *1 (W.D. Pa.
Mar. 23, 2021)("Given Defendant's vaccination, the Court does not
find 'extraordinary or compelling reasons' for release."); *United
States v. Williams*, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3
(W.D.N.C. Mar. 15, 2021)("Being vaccinated against COVID-19
seriously undermines Defendant's assertion that 'extraordinary
and compelling reasons' warrant his release from prison."); 
*United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at
*2 (M.D. Pa. Mar. 11, 2021)("[T]he Court concludes that Singh's
recent vaccination mitigates his risk from COVID-19 to such an
extent that COVID-19, in combination with Singh's underlying

conditions, no longer presents an extraordinary and compelling reason to grant compassionate release."); *United States v. Poupart*, No. 3:11CR116 (JBA), 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021)("Mr. Poupart's argument that his significant medical needs warrant his release lacks persuasive force since the vaccine has empowered Mr. Poupart to reduce these risks."); *United States v. Johnson*, No. 3:02-CR-00068-TBR, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021)("Johnson's vaccination minimizes any increased risk he faced due to his medical conditions."); *United States v. Ulmer*, No. CR 18-00579-3, 2021 WL 844579, at *2 (E.D. Pa. Mar. 5, 2021)("Considering Ulmer's minor health concerns, recent recovery from COVID-19 and vaccination, he does not come close to establishing extraordinary and compelling reasons for his release."); *United States v. McQuarrie*, No. 16-20499-1, 2021 WL 843177, at *5 (E.D. Mich. Mar. 5, 2021)("[A]bsent some authority to the contrary, this Court will not deem an underlying susceptibility to COVID-19 'extraordinary and compelling' where the movant is vaccinated against the disease and is not housed in a facility with a substantial outbreak.").

The Court finds these cases to be persuasive and adopts their reasoning. Accordingly, on this record the Court concludes Defendant has not satisfied the extraordinary and compelling standard because he is fully vaccinated against COVID-19, which "minimizes any increased risk he face[s] due to his medical

conditions."

In summary, the Court concludes Defendant has not established an extraordinary or compelling reason for compassionate release exists in this case.  Accordingly, the Court **DENIES** Defendant's Renewed Motion to Reduce Sentence. Because the Court has concluded Defendant has not established he suffers from a sufficiently serious medical condition, the Court does not address whether Defendant would be a danger to the community if he was released.

<u>**CONCLUSION**</u>

For these reasons, the Court **DENIES** Defendant's Renewed Motion (#34) to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

DATED this 30th day of July, 2021.


___s/ Anna J. Brown_____
ANNA J. BROWN
United States Senior District Judge

15 - OPINION AND ORDER